**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 12, 2015

LETTER TO COUNSEL

    RE:    *Donna L. Knox v. Commissioner, Social Security Administration*;
            Civil No. SAG-14-1758

Dear Counsel:

    On May 30, 2014, Plaintiff Donna Knox petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the ALJ's opinion in part, and remand the case to the Commissioner. This letter explains my rationale.

    Ms. Knox filed a claim for Disability Insurance Benefits ("DIB") on October 20, 2010. (Tr. 73, 146-52). She alleged a disability onset date of September 24, 2007, (Tr. 146), which she later amended to April 11, 2009 (Tr. 69). Her claim was denied initially and on reconsideration. (Tr. 75-78, 81-82). A hearing was held on February 20, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 43-71). Following the hearing, the ALJ determined that Ms. Knox was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 24-42). The Appeals Council denied Ms. Knox's request for review, (Tr. 3-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Knox suffered from the severe impairments of major depressive disorder, generalized anxiety disorder, panic disorder with agoraphobia, bilateral ankle impairments status post-fractures, cervical spondylosis and radiculopathy, hypertension, obesity, and mild left carpal tunnel syndrome. (Tr. 29). Despite these impairments, the ALJ determined that Ms. Knox retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except due to a combination of impairments and symptoms, she is limited to occasionally climbing stairs and ramps, stooping, kneeling, crouching, and crawling, but she should never climb ropes, ladders, or scaffolds. The claimant would require a sit/stand option wherein she could change positions after 30 minutes for two minutes and/or be able to continue working while sitting or standing. Ms. Knox

> should never reach overhead with her left upper extremity, and manipulatively, she is limited to frequently, but not constantly, using her left hand for fingering and handling. Due to side effects of medications, she should avoid concentrated exposure to hazardous machinery and heights. Due to psychological symptoms, she is limited to understanding, and carrying out simple instructions, and performing simple, routine work with occasional interaction with co-workers and the general public.

(Tr. 31). After considering responses to interrogatories from a vocational expert ("VE"), the ALJ determined that Ms. Knox could perform her past relevant work as a Checker I and other work existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 35-36).

Ms. Knox raises two main arguments on appeal: (1) that the ALJ erred in assessing her mental and physical RFC, and (2) that the ALJ erred in determining that she could perform her past relevant work. Because I agree that the ALJ erred in assessing Ms. Knox's mental impairments, specifically in evaluating the opinions of her treating physician, Dr. Seligman, I cannot determine that the ALJ's opinion was supported by substantial evidence, and remand is appropriate. In remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Knox was not entitled to benefits was correct.

I will address Ms. Knox's unsuccessful arguments first. Ms. Knox argues that the ALJ erred in determining that she could perform her past relevant work as a Checker I. She claims that the ALJ did not adequately document the demands of her past relevant work. However, even if the ALJ's analysis was inadequate, it is unclear how Ms. Knox suffered any prejudice as a result. Notably, Ms. Knox has not identified a single demand of her past relevant work that she claims is prohibited by the ALJ's RFC assessment. Moreover, any error with respect to the ALJ's conclusion concerning Ms. Knox's past relevant work was harmless, because the ALJ also found that Ms. Knox was capable of other work existing in significant numbers in the national economy.

Ms. Knox also contends that she suffers from limitations resulting from her hand and arm impairments that were not included in the ALJ's RFC assessment, and that those limitations would preclude her from performing sedentary work – to which the ALJ should have found she was limited. In support of her argument, Ms. Knox cites to a list of evidence documenting diagnoses of her various physical impairments, claiming that not all of the records were considered by the ALJ, which constitutes prejudicial error. First, as the Fourth Circuit recently explained, although the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(2), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). The Commissioner, through the ALJ and Appeals Council, stated that the whole record was

*Donna L. Knox v. Commissioner, Social Security Administration*
Civil No. SAG-14-1758
March 12, 2015
Page 3

considered, and, absent evidence to the contrary, I take her at her word. *See Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014) (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). Moreover, Ms. Knox has failed to explain how any of the evidence she cited supports her argument that she should have been exertionally limited to sedentary work, rather than a restricted range of light work. Likewise, Ms. Knox has failed to explain how any of the evidence indicates that her hand and arm impairments result in limitations beyond those included in the ALJ's RFC assessment. Accordingly, I find that the ALJ provided substantial evidence in support of her determination that Ms. Knox is exertionally capable of performing a limited range light work.

Finally, Ms. Knox argues that the ALJ erred in evaluating the effects of Ms. Knox's obesity on her physical impairments. In support of her argument, Ms. Knox cites Social Security Ruling 02-1p, which governs the evaluation of obesity in considering disability claims, and which explains that obesity can cause functional limitations. SSR 02-1p, 2002 WL 34686281, at *6 (Sept. 12, 2002). However, as with all medically determinable impairments, it is the claimant's burden to provide evidence of the functional limitations caused by her severe impairment of obesity. 20 C.F.R. § 404.1512(c); *Thompson v. Comm'r of Soc. Sec.*, No. TJS-12-3331, 2014 WL 992528, at *2 (D. Md. Mar. 12, 2014); *see also Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Ms. Knox has not identified evidence of any particular limitations that are caused by her obesity. Moreover, Ms. Knox does not argue that the ALJ's RFC assessment fails to accommodate any limitations resulting from her obesity. I thus find that the ALJ provided substantial evidence in support of the limitations provided in her physical RFC assessment.

With respect to her mental impairments, Ms. Knox claims that the ALJ erred in evaluating her RFC by failing to assign sufficient weight to the opinion of her treating psychiatrist, Dr. Seligman. The ALJ assigned "little weight" to Dr. Seligman's opinion that Ms. Knox was "too anxious to function outside her home." (Tr. 34, 727). In support of her assignment of weight, the ALJ explained that Dr. Seligman's opinion was inconsistent with his office notes and other objective evidence, and that Dr. Seligman relied "quite heavily" on Ms. Knox's subjective complaints, which were also not supported by objective evidence. (Tr. 34-35).

Ms. Knox argues that the ALJ should not have considered a lack of supporting objective evidence, since there are no objective tests for mental impairments. Pl. Mem. 4. However, the existence of supporting objective evidence is a factor the ALJ is specifically instructed to consider in evaluating opinion evidence. 20 C.F.R. § 1527(c). Ms. Knox's argument ignores that there are types of objective evidence – aside from laboratory diagnostic techniques – that can substantiate a claimant's subjective statements about the symptoms of her mental impairments. *See id.* ("Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); 20 C.F.R. § 1528(b) ("Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically

*Donna L. Knox v. Commissioner, Social Security Administration*
Civil No. SAG-14-1758
March 12, 2015
Page 4

demonstrable phenomena that indicate specific psychological abnormalities . . . They must also be shown by observable facts that can be medically described and evaluated."). Although the ALJ properly considered whether Dr. Seligman's opinion was supported by objective evidence, I find that the ALJ failed to provide substantial evidence in support of her conclusion that it was not. Dr. Seligman treated Ms. Knox for more than six years, and a thorough review of his treatment notes during the relevant timeframe illustrates that, after conducting mental status examinations – a medically acceptable clinical diagnostic technique and the type of objective evidence the ALJ stated was not present on the record – Dr. Seligman regularly diagnosed Ms. Knox's mood as anxious or depressed and assigned her GAF scores of 50.[1] (Tr. 388, 390, 392, 393, 395, 605, 609 (GAF 52), 619, 620, 623). Moreover, the ALJ offered no explanation as to why she found Dr. Seligman's treatment notes inconsistent with his opinion, and after reviewing the record, I cannot ascertain the basis for the ALJ's conclusion.[2]

I also note that the ALJ only evaluated Dr. Seligman's opinion that Ms. Knox was "too anxious to function outside her home." (Tr. 34, 727). The ALJ failed to discuss Dr. Seligman's opinions that Ms. Knox suffered from marked restriction in activities of daily living ("ADLs") and maintaining social relationships, and frequent deficiency in concentration or pace. (Tr. 723-25). These opinions were relevant to the ALJ's evaluation of Ms. Knox's mental impairments at steps two and three of the sequential evaluation, pursuant to the special technique set forth in 20 C.F.R. § 1520a. At step three, the ALJ determined that Ms. Knox suffered only mild difficulties in ADLs, and moderate difficulties in social functioning and concentration, persistence, and pace. The ALJ failed to explain, at any step of the sequential evaluation, why she concluded that Ms. Knox was less functionally limited than Dr. Seligman opined. Although the ALJ offered a cursory explanation for her finding with respect to each of the four broad functional areas, in light of her failure to evaluate Dr. Seligman's opinion in its entirety, I cannot conclude that she provided substantial evidence in support of her evaluation of Ms. Knox's mental impairments at step three of the sequential evaluation.[3]

Finally, I cannot conclude that ALJ provided substantial evidence in support of her statement that Dr. Seligman "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, which are also not supported by other objective evidence." First, when asked upon what his opinion that Ms. Knox was too anxious to function outside her home was based, Dr. Seligman responded that it was based on Ms. Knox's history as available to him from records he routinely relies on in his specialty, as well as her

---

[1] Although it is well established that GAF scores are not determinative of disability, nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record. *See, e.g., Davis v. Astrue*, Case No. JKS–09–2545, 2010 WL 5237850, at *3 (D. Md. Dec. 15, 2010); *Kozel v. Astrue*, No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012).

[2] The only apparent inconsistency between Dr. Seligman's opinions and his treatment notes are two occasions in October 2009 and July 2010 when, upon conducting mental status examinations, Dr. Seligman diagnosed Ms. Knox's mood as "neutral." (Tr. 389, 391).

[3] Because the ALJ found in Ms. Knox's favor, at step two of the sequential evaluation, that her mental impairments were severe, only her assessment at step three may have prejudiced Ms. Knox's claims.

subjective complaints, which he deemed to be reliable and consistent with the nature and severity of the clinical condition he observed. (Tr. 728). The ALJ did not identify any evidence undermining Dr. Seligman's statements concerning the basis of his opinion, and in light of Dr. Seligman's varying responses to the same question about the bases of his other opinions, his responses seem particularly credible.[4] Moreover, the ALJ provided no explanation as to how Ms. Knox's subjective statements about her symptoms and limitations were not supported by objective evidence. Although the ALJ found that Ms. Knox's statements about her ADLs undermined her subjective complaints about her limitations, (Tr. 34), I find that the ALJ's conclusion is supported by substantial evidence only with respect to Ms. Knox's physical limitations. Absent additional explanation from the ALJ, it is unclear why her ability to occasionally do chores within her home diminishes Ms. Knox's credibility concerning her anxiety over leaving the home and interacting with others.

For the reasons set forth herein, Ms. Knox's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[4] Dr. Seligman stated that his opinions on Ms. Knox's degree of limitation with respect to ADLs and maintaining social relationships were based upon: (1) his direct treatment and examination of Ms. Knox; (2) Ms. Knox's history as available to him from records he routinely relies on in his specialty; (3) Ms. Knox's subjective complaints, which he deemed reliable and consistent with the nature and severity of the clinical condition he observed; (4) his education; (5) his training; and (6) his experience. (Tr. 723-24). On the other hand, with respect to his opinion on Ms. Knox's difficulties in concentration and pace, Dr. Seligman stated that his opinion was based only on Ms. Knox's subjective complaints, and with respect to his opinion on whether she suffered episodes of decompensation, he responded only "unknown." (Tr. 725-26).